The Disciplinary Review Board having filed with the Court its decision in DRB 18-056, concluding that Aileen Merrill Schlissel of Irvine, California, who was admitted to the bar of this State in 1997, and who has been temporarily suspended from the practice of law since March 8, 2017, should be suspended from the practice *764 of law for a period of three months for violating RPC 1.15(d) and Rule 1:21-6 (recordkeeping violations), RPC 5.5(a) and Rule 1:21-1B (a)(4)(unauthorized practice of law for failure to maintain professional liability insurance), RPC 8.1(b) (failure to cooperate with disciplinary authorities), and RPC 8.4(d) (conduct prejudicial to the administration of justice);
And the Disciplinary Review Board having further concluded that respondent should not be permitted to apply for reinstatement to practice until she cooperates fully with the Office of Attorney Ethics and that after reinstatement to the practice of law, she should (1) practice under supervision for a period of two years, (2) submit reconciliations of her attorney accounts to the Office of Attorney Ethics for a period of two years, and (3) attend a trust and business accounting course, in addition to the mandatory continuing legal education credits required by Rule 1:42-1;
And good cause appearing;
It is ORDERED that Aileen Merrill Schlissel is suspended from the practice of law for a period of three months, effective immediately, and until the further Order of the Court; and it is further **297 ORDERED that respondent shall not apply for reinstatement until she has cooperated fully with the Office of Attorney Ethics, and that following reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics and shall submit monthly reconciliations of her attorney accounts on a quarterly basis to the Office of Attorney Ethics for a period of two years, and until the further Order of the Court; and it is further
ORDERED that respondent shall enroll in and complete a course in trust and business accounting approved by the Office of Attorney Ethics, and shall submit proof of her satisfactory completion thereof to that office, in addition to the mandatory continuing legal education credits required by Rule 1:42-1; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.